OPINION Petitioners, who were limited partners, deducted their ratable portions of the so-called loan fee and prepaid interest shown on the partnership return in the total amount of $284,813, on their individual income tax returns for 1963 under section 163,1.R.C. 1954.[3] That section provides, in part: “There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.” It is respondent’s position that there was no existing indebtedness in relation to which any interest was paid in 1963. Respondent states on brief that “petitioners’ right to deduct prepaid interest in 1963, provided there is an indebtedness, is not challenged.” [4] Petitioners argue that the indebtedness requirement of the statute was satisfied by the existence of a binding obligation on the part of Sunset to provide and/or procure the interim financing. They state on brief that each tax year must be considered “in the light of facts known at year end.” The argument seems to be that at December 31, 1963, Sunset was unequivocally obligated to either provide or procure the interim financing of $3,150,000 in exchange for the loan fee of $63,000 and the prepaid interest in the sum of $221,812.50. And, petitioners argue, the fact that Sunset did not perform its obligation to provide and/or procure the interim financing is immaterial. We said in First National Co., 32 T.C. 798, 807, that the word “indebtedness” in the interest deduction statute “means an existing, unconditional, and legally enforcible obligation for the payment of money.” [5] The Financing and Construction Agreement of August 12, 1963, which was not complied with by Sunset, does not evidence a valid, unconditional indebtedness on the part of Lake Murray. The record is clear that in the year 1963 Sunset did not provide or procure any financing. Under the agreement Sunset was to begin construction of the building by December 10, 1963. It did not begin construction in 1963 and the building has never been constructed. Under the agreement Sunset was to obtain permanent financing and it has never done so. Sunset’s bookkeeping manueuvers with its entry to a prepaid interest account and its belated amended return reporting the receipt of prepaid interest income, both made after the deductions in issue were questioned by the revenue agent, are in no way persuasive — especially since Sunset had a 1963 loss greater than the reported prepaid interest income. We agree with respondent. There was no valid existing indebtedness owed by the partnership to Sunset in the year 1963. The so-called interest payment was correctly disallowed. Our holding renders it unnecessary to consider respondent’s alternative contention that the loan fee portion of the $284,813 ($63,000) would be a capital expenditure. Petitioners state on brief that if the payments herein are not deductible as interest they should be classified as “commitment fees” or “carrying charges” and deductible as ordinary and necessary business expenses. There is nothing in the petitions to indicate that such a question was in issue in this case nor was there evidence introduced at the time of trial with respect to an issue of ordinary and necessary business expense. In any event, there is no merit to this theory of petitioners. The record, which fails to show the existence of an indebtedness to support an interest deduction, will not sanction calling the payment an ordinary and necessary business expense. Decisions will be entered for the respondent. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise noted. This transaction arose before Rev. Rul. 68-643, 1968-2 C.B. 76. Although this case was reversed on appeal on another Issue, the Court of Appeals for the Sixth Circuit specifically approved our definition of the term “indebtedness” in the interest deduction statute. First National Co. v. Commissioner, 289 F. 2d 861, 865.